

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| SHERRIE J. TERRY,<br>　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>　　　　Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO.  8:14-04641-MGL<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claim for Disability Insurance Benefits (DIB).  The parties are represented by excellent counsel.  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying Plaintiff's claims for DIB be affirmed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 11, 2016, Plaintiff filed her objections on January 18, 2016, and Defendant filed her reply to Plaintiff's objections on February 2, 2016. The Court has reviewed Plaintiff's objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed her application for DIB in May 2007, asserting that her disability commenced on March 26, 2004. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on September 11, 2009. Then, on September 30, 2009, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Plaintiff then filed an action for judicial review in this Court, and on January 24, 2013, the Court remanded the case to Defendant for a proper credibility determination with respect to Plaintiff's pain complaints.

On April 29, 2013, the Appeals Council remanded Plaintiff's case to the ALJ, and on April 1, 2014, the ALJ conducted a second hearing on Plaintiff's claims. The ALJ issued a decision on April 24, 2014, again finding Plaintiff was not disabled under the Act. The Appeals Council then denied Plaintiff's request for review of the ALJ's decision. Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review. Plaintiff filed suit in this Court, seeking judicial review of Defendant's final decision denying her claim.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to

perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove that she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

3

Plaintiff raises three specific objections to the Magistrate Judge's Report. The Court will address each one in turn.

First, Plaintiff argues that the Magistrate Judge erred by "failing to require the ALJ to fulfill the Mandatory Discussion Requirements of the credibility of symptoms test, and [by] failing to discuss the issue to any significant extent in the [Report]." Objections 3.

However, the ALJ expressly considered Plaintiff's claims of pain and explained his conclusion that Plaintiff's subjective complaints were not entirely credible. As noted by the Magistrate Judge, Plaintiff's objection to the ALJ's finding merely constitutes disagreement with the ALJ's conclusion, and the Court "generally treat[s] credibility determinations made by an ALJ as binding upon review." *See Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"). Therefore, discerning no legal error, and holding that the ALJ's decision on this issue is supported by substantial evidence, the Court will overrule Plaintiff's first objection.

Second, Plaintiff objects to the Report by contending that the Magistrate Judge "erred in failing to apply the proper legal standard for evaluating [her Residual Functional Capacity (RFC)], because [she] did not require the ALJ to engage in the Mandatory Discussion Requirements to support his conclusion as to RFC." Objections 5.

Nevertheless, the Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). Additionally, to the extent that the ALJ could have done a better job in explaining his decision, "if the [ALJ's] decision is overwhelmingly supported

4

by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." *Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014) (internal quotation marks omitted).  This is such a case.  The ALJ's decision, when read as a whole, convinces this Court that he properly considered the evidence of the effect of Plaintiff's combined impairments on her ability to work, "and the ALJ's decision is [so] overwhelmingly supported by the record   .   .   . [that] remanding is a waste of time." *Id.*  Hence, because this Court is of the firm opinion that the ALJ properly considered Plaintiff's medical records and explained his consideration of Plaintiff's impairments in combination, the Court will overrule Plaintiff's second objection as well.

Third, Plaintiff claims that the Magistrate Judge "employed the wrong legal standard with regard to the evaluation by Dr. Elton."  Objections 8.

However, Plaintiff previously argued this issue in her initial brief, and the Magistrate Judge has already considered and rejected this issue.  Because the Court agrees with the Magistrate Judge's treatment of this issue, it need not discuss it again here.  Therefore, it will overrule Plaintiff's third objection too.

The Court has considered Plaintiff's other objections, but finds them meritless.  Therefore, it will also overrule those objections.

In sum, the Court holds that there is substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled under the Act during the relevant time period and that the ALJ's decision is free from reversible legal error.  Further, the determination is reasonable.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for DIB is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 3rd day of February, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
